NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 10 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVAN THOMAS WILSON,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant-Appellee.

No.    23-35463

D.C. No. 1:22-cv-00306-REP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Raymond Edward Patricco, Jr., Magistrate Judge, Presiding

Submitted May 7, 2024[**]
Seattle, Washington

Before:  McKEOWN, BEA, and OWENS, Circuit Judges.

Plaintiff-Appellant Evan Wilson appeals the district court's order that

affirmed the Administrative Law Judge's ("ALJ") denial of his application for

disability insurance benefits under Title II of the Social Security Act. Because the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

parties are familiar with the facts, we do not recount them here.

We have jurisdiction under 28 U.S.C. § 1291. "We review a district court's judgment de novo and set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (internal quotation marks omitted). We affirm.

1. The ALJ provided specific, clear, and convincing reasons to discount Wilson's subjective symptom allegations and testimony. *See Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (holding that when "there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so" (internal quotation marks omitted)). An ALJ may rely on "inconsistent objective medical evidence in the record to discount subjective symptom testimony," *Smartt*, 53 F.4th at 498, as well as evidence that the claimant engages in activities that show he is "not as physically limited as he purported to be," *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

Here, the ALJ identified several inconsistencies between Wilson's symptom allegations and testimony and the objective medical evidence. For example, Wilson claimed he suffered from blackouts, balance issues, dizziness, falls, extreme headaches, muscle spasms, joint aches, body aches, fatigue, and can barely walk. But treatment records showed (1) Wilson reported he experienced no falls,

2

blackouts, or balance issues within the past year; (2) Wilson could ambulate without assistance, had a normal gait, and had normal muscle strength; and (3) Wilson reported his dizziness was improving. Another treatment record showed Wilson had denied experiencing any joint aches, muscle aches, fatigue, or weakness, and that he experienced headaches only rarely. Moreover, Wilson reported that his last major seizure occurred in November 2019 (his alleged onset date), and that he had suffered only from minor seizures every month or two. However, electroencephalograms ("EEGs") in January 2020 and July 2020 did not capture any seizures, medical examiners did not report any associated signs of seizures, and Wilson had reported that he was satisfied with his seizure control. Finally, in contrast to Wilson's testimony that he could not concentrate, suffered from memory loss, and was depressed and anxious, a medical report showed Wilson had "intact recent and remote memory," "normal concentration and attention span," "normal/appropriate mood and affect," and that he was alert and oriented. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224–25 (9th Cir. 2010) (holding that an ALJ properly discounted the claimant's subjective contention that he could not put up with people in part because doctors had "found him to be cooperative and pleasant").

Next, the ALJ noted that Wilson had applied for several jobs between the fourth quarter of 2019 and the third quarter of 2020; that he had performed part-time odd jobs cleaning out property, painting, mowing lawns, hauling items away for

3

others, and repairing sprinkler lines; that he could drive without restriction except when he was sleepy; and that he could walk five miles before he needed to take a break. The ALJ reasonably discounted some of Wilson's claimed symptoms (e.g., that he could barely walk and could not complete even simple tasks) based on these activities.

2. The ALJ acknowledged that Wilson submitted lay witness statements from his sister, stepmother, friend, and employer, but discounted those statements without articulating reasons for doing so. *See* 20 C.F.R. § 404.1520c(d). Wilson argues that the ALJ's failure to provide reasons for discounting these lay witness statements was error. We have not yet addressed whether an ALJ is required to provide germane reasons for discounting lay witnesses under the new regulations. However, we need not decide this issue because any error would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

The lay witness statements did not describe any limitations or symptoms beyond those Wilson had described. As discussed above, the ALJ provided clear and convincing reasons for discounting Wilson's symptom allegations. Therefore, even if the ALJ were required to articulate reasons to discount the lay witness statements, any error was harmless. *See id.* at 1122 (holding that an ALJ's failure to provide reasons to discount lay witness testimony was harmless because the discounted

4

testimony "did not describe any limitations beyond those Molina herself described, which the ALJ discussed at length and rejected based on well-supported, clear and convincing reasons" (footnote omitted)); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that when "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints," "it follows that the ALJ also gave germane reasons for rejecting [lay witness] testimony" that "was similar to such complaints").

**AFFIRMED.**